

**ORDERED in the Southern District of Florida on February 5, 2024.**

Erik P. Kimball
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

MOLEKULE GROUP, INC.,

MOLEKULE, INC.

    Debtors.
_____/

Case No. 23-18094-EPK
(Jointly Administered)

Case No. 23-18093-EPK

Chapter 11

### ORDER CONFIRMING DEBTORS'
### MODIFIED CHAPTER 11 PLAN OF REORGANIZATION

This matter came before the Court for evidentiary hearing on January 18-19, 2024, and for oral ruling on January 22, 2024, (the "Confirmation Hearing") to consider confirmation of the *Debtors' Modified Amended Joint Plan of Reorganization* [ECF No. 317] (together with any amendments or modifications thereto, the "Plan") filed by Molekule Group, Inc. and Molekule, Inc. (together, the "Debtors").

The Court, having considered the Plan, the *Declaration of Ryan Tyler in Support of Confirmation of the Debtors' Modified Amended Plan of Reorganization* [ECF No. 362] (the "Confirmation Declaration"), the *Certificate of Proponent of Plan on Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees* [ECF No. 361], the *Notice of Filing Assumption List* [ECF No. 241] (the "Assumption List"), the *Expedited Motion for Order Determining the Modified Plan Does Not Require Re-solicitation* [ECF No. 319] (the "Motion to Modify"), having taken judicial notice of Debtors' Exhibits 23-28, 31-33, and 49 and Creditor's Exhibits 1, 2, 12, 42, and 49 and admitted into evidence Debtors' Exhibits 1-7, 19-22, 29, 30, 34-48, and 50-53 and Creditor's Exhibits 3-11, 13-41, 43-48, and 50-56 contained in the Debtor's Amended Exhibit Register [ECF No. 364] and the Creditor's Exhibit Register [ECF No. 365], having considered the evidence presented at the hearing, including the testimony of witnesses, the arguments of counsel, the *Objection to Debtors' Modified Amened Joint Plan of Reorganization* [ECF No. 355] filed by Mack Molding Company, Inc. ("Mack") and the Debtors' Response thereto [ECF No. 366], and pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, makes the following findings of fact and conclusions of law:

### Findings of Fact and Conclusions of Law

#### Notice

A.       Adequate and sufficient notice, as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Court's *Order (I) Approving Disclosure Statement; (II) Setting Hearing on Confirmation of Amended Plan; (III) Setting Hearing on Fee Applications; (IV) Describing Various Deadlines; and (V) Describing Debtor's Obligations* [ECF No. 165] was provided to all known creditors, the Office of the U.S. Trustee, and other parties in interest of: (1) the Plan and the *Disclosure Statement for Debtors' Amended Joint Plan of Reorganization* [ECF No. 148] (the "Disclosure Statement"), (2) the deadline to file and serve objections to confirmation

of the Plan; (3) the deadline for voting on the Plan; (4) the proposed modifications contained in the Motion to Modify; (5) the Assumption List; and (6) the Confirmation Hearing.

### Jurisdiction and Venue

B.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court for the Southern District of Florida's general order of reference. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Adequate Information and Solicitation

C.    The Disclosure Statement contains adequate information regarding the Plan in accordance with 11 U.S.C. § 1125(1).  The Debtors, Reorganized Debtor, and their respective present and former members, officers, directors, employees, advisors, attorneys, and agents acted in good faith and in compliance with the Bankruptcy Code within the meaning of and with respect to all of the actions described in 11 U.S.C. § 1125(e) and are not liable, on account of any solicitation or participation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale, or purchase of securities.

### 11 U.S.C. § 1129(a)(1)

D.    The Plan complies with the applicable provisions of the Bankruptcy Code, including without limitation 11 U.S.C. §§ 1122, 1123, and 1129 with respect to all Classes of Claims and Interests under the Plan and, therefore, the provisions of 11 U.S.C. § 1129(a)(1) have been satisfied.[1]

---

[1] Unless otherwise defined, any capitalized terms herein shall have the same meaning ascribed to them in the Plan.

**11 U.S.C. § 1129(a)(2)**

E.      The Debtors, as proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(2) have been satisfied.

**11 U.S.C. § 1129(a)(3)**

F.      The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the requirements of 11 U.S.C. § 1129(a)(3) have been satisfied.

**11 U.S.C. § 1129(a)(4)**

G.      Any payments made or to be made by the Debtors for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(4) have been satisfied.

**11 U.S.C. § 1129(a)(5)**

H.      The Debtors, as the proponents of the Plan, have disclosed the identity and affiliations of the individuals proposed to continue to serve as a director or officer, if any, of the Reorganized Debtor.  The appointment to, or continuance in, such office of such individuals is consistent with the interests of creditors and equity security holders and with public policy. Accordingly, the requirements of 11 U.S.C. § 1129(a)(5)(A) have been satisfied.

I.      The Debtors, as the proponents of the Plan, have disclosed the identity of any insider that will be employed or retained by the Reorganized Debtor, if any, and the nature of any compensation for such insider.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(5)(B) have been satisfied.

**11 U.S.C. § 1129(a)(6)**

J.      No governmental regulatory commission has jurisdiction over the rates of the Debtors or the Reorganized Debtor.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(6) are not applicable to the Debtors or the Case.

**11 U.S.C. § 1129(a)(7)**

K.      The Plan treats Classes 1, 2, 3, 8, 9, and 10 as Impaired.  Classes 1, 2, 3, and 8 voted in favor of the Plan and have accepted the Plan.

L.      With respect to each Impaired Class of Claims or Interests, each holder of an Interest or Clam has either accepted the Plan, consented to the Plan, or will receive or retain, under the Plan on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(7) have been satisfied with respect to each Impaired Class of Claims or Interests.

**11 U.S.C. § 1129(a)(8)**

M.      The Plan divides Claims and Interests into 10 classes.  Classes 1, 2, 3, 8, 9, and 10 are Impaired. Classes 1, 2, 3, and 8 voted to accept the Plan. Classes 4, 5, 6, and 7 are Unimpaired. Classes 9 and 10 receive or retain no property under the Plan and are deemed not to accept the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(8) have not been satisfied with respect to each class of Claims or Interests.

**11 U.S.C. § 1129(a)(9)**

N.      The Plan provides that all Allowed Administrative Claims, Allowed Priority Claims, and Allowed Unsecured Priority Claims, if any, are to be paid on the Effective Date, the

date on which such claims become payable pursuant to Final Order of the Court, or as otherwise provided in the Plan.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(9) have been satisfied.

**11 U.S.C. § 1129(a)(10)**

O.     The Plan treats Classes 1, 2, 3, 8, 9, and 10 as Impaired.  Classes 1, 2, 3, and 8 voted in favor of the Plan and therefore have accepted the Plan.  Accordingly, based upon the acceptance of Classes 1, 2, 3, and 8, the requirements of 11 U.S.C. § 1129(a)(10) have been satisfied with respect to one Impaired Class of Claims accepting the Plan, not including acceptance of the Plan by any Insiders.

**11 U.S.C. § 1129(a)(11)**

P.     Confirmation of the Plan is not likely to be followed by any liquidation, or the need for further financial reorganization of the Debtors or any successors to the Debtors under the Plan, except to the extent proposed in the Plan.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(11) have been satisfied.

**11 U.S.C. § 1129(a)(12)**

Q.     The Plan provides for payment in full of all U.S. Trustee fees payable under 28 U.S.C. § 1930 and all fees payable under Section 1930 of Title 28. To the extent any fees remain due and owing, they will be paid on the Effective Date of the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(12) have been satisfied.

**11 U.S.C. § 1129(a)(13)**

R.     The Debtors have no retirement plan, and the Debtors therefore have no obligation to provide retiree benefits, as that term is defined in 11 U.S.C. § 1114.  Accordingly, 11 U.S.C. § 1129(a)(13) is not applicable.

**11 U.S.C. § 1129(a)(14)**

S.      The Debtors are not required by judicial or administrative order, or by statute, to pay any domestic support obligations.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(14) are not applicable to the Debtors or the Case.

**11 U.S.C. § 1129(a)(15)**

T.      The Debtors are not individuals.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(15) are not applicable to the Debtors or the Case.

**11 U.S.C. § 1129(a)(16)**

U.      The Debtors are not non-profit corporations or trusts.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(16) are not applicable to the Debtors or the Case.

**11 U.S.C. § 1129(b)**

V.      Classes 9 and 10 are Impaired and have not accepted the Plan.  The Plan does not discriminate unfairly and is fair and equitable with respect to Classes 9 and 10.  Accordingly, the requirements of 11 U.S.C. § 1129(b) are satisfied with respect to each class of claims or interests that is Impaired under, and has not accepted, the Plan.

**Oral Findings Incorporated by Reference**

W.      The Court's oral findings of fact and conclusions of law announced on the record at the Confirmation Hearing are incorporated by this reference.

**Requirements for Confirmation Satisfied**

X.      All of the requirements for Confirmation under 11 U.S.C. § 1129 have been satisfied.  Confirmation of the Plan is in the best interests of the Debtors' estates, the Debtors' Creditors, and all other parties in interest.

**Substantive Consolidation**

Y.      Substantial identity exists between the Debtors, and consolidation is necessary to avoid harm and realize benefit to the Debtors' estates.  Accordingly, substantive consolidation of the Debtors is appropriate.

It is therefore **ORDERED AND ADJUDGED** as follows:

1.      Confirmation of Plan.  The Plan [ECF No. 317], as modified herein, is **CONFIRMED** and **APPROVED** in all respects in accordance with 11 U.S.C. § 1129.

2.      Objections.  Any and all objections to confirmation of the Plan not withdrawn, settled, waived or otherwise addressed in this Confirmation Order, and all reservations of rights included therein, are expressly **OVERRULED**.

3.      Fed. R. Bankr. P. 7052.  The Findings of Fact and Conclusions of Law set forth above shall constitute findings of fact and conclusions of law of this Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.  To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

4.      Notice.  Notice was adequate and sufficient under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, and the Due Process Clause of the United States Constitution.

5.      Effective Date.  The Effective Date shall occur upon all conditions precedent to the Effective Date set forth in Section 9.01 of the Plan being satisfied or waived pursuant to the terms of the Plan.

6.      Reorganized Debtor and Substantive Consolidation.  On the Effective Date, Molekule, Inc. shall be substantively consolidated into Molekule Group, Inc.  The Reorganized Debtor shall be Molekule Group, Inc., as reorganized pursuant to the Plan.

7.      <u>Approval of Documents</u>.  Subject to satisfaction or waiver of all conditions under Section 9.01 of the Plan, such documents that may be necessary or appropriate to effectuate the Plan and the treatment terms contained therein are **APPROVED**.

8.      <u>Authority of Reorganized Debtor</u>.  The Reorganized Debtor is authorized and directed to take all actions necessary or appropriate to consummate the terms and conditions of the Plan and this Confirmation Order and to enter into, implement, and consummate the contracts, instruments, releases, settlements, and other agreements or documents required or created in connection with the Plan.  The Reorganized Debtor shall continue to exist after the Effective Date with all powers of a corporation under the laws of the State of Delaware and without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) under applicable law; and, following the Effective Date, the Reorganized Debtor may operate its business free of any restrictions imposed by the Bankruptcy Code, the Bankruptcy Rules, or by the Court, subject only to the terms and conditions of the Plan (including, but not limited to, Section 9.01(ii)) and this Confirmation Order.

9.      <u>Plan Administrator</u>.  The Plan Administrator shall be Scott N. Brown, and the Reorganized Debtors may file an appropriate motion or application to employ Mr. Brown as the Plan Administrator.

10.      <u>Disbursing Agent</u>.  On the Effective Date, the Disbursing Agent shall be the Plan Administrator.  Upon the Effective Date, unless provided otherwise herein or in the Plan, the Disbursing Agent shall make all distributions under the Plan in accordance with the terms of the Plan.

11.      <u>Default on Payments to IRS</u>.  If the Reorganized Debtor substantially defaults on the Plan Payments to the IRS, the outstanding balance will be immediately due and payable. Payment shall be for the entire amount owed to the IRS under the Plan.  The IRS may collect these

unpaid tax liabilities through the administrative collection provisions of the Internal Revenue Code.

12.    <u>Avoidance Actions</u>.    The definition of the terms "Avoidance Action" and "Avoidance Actions" as defined in Article I of the Plan shall also include any pre-Effective Date claims against the Debtors' directors and/or officers to the extent insurance coverage exists under any Debtor pre-Effective Date director and/or officer insurance policy for the defense and indemnity of such claim.

13.    <u>Assumption of Certain Unexpired Leases and Executory Contracts</u>.    Pursuant to 11 U.S.C. §§ 365(a) and 1123(b)(2) and Sections 7.01 and 7.02 of the Plan, the unexpired leases and executory contracts set forth in the Assumption List are hereby **ASSUMED**.    Pursuant to 11 U.S.C. §§ 365(b) and Section 7.02 of the Plan, except as may otherwise be agreed to by the parties or provided in the Plan, within ninety (90) days following the Effective Date of the Plan, the Reorganized Debtor shall cure any and all undisputed defaults under any executory contract or unexpired lease as set forth in the Assumption List.

14.    <u>Rejection of Certain Unexpired Leases and Executory Contracts</u>.    Pursuant to 11 U.S.C. §§ 365(a) and 1123(b)(2) and Sections 7.01 and 7.03 of the Plan, all unexpired leases and executory contracts between either of the Debtors and any other party not otherwise assumed in the Plan or this Confirmation Order, are hereby **REJECTED**.    Pursuant to Section 7.03 of the Plan, any party to a contract or lease rejected pursuant to the Plan with a claim for rejection damages under 11 U.S.C. § 502(g) ("<u>Rejection Claim</u>") may file such Rejection Claim with the Court within thirty (30) days from the date of entry of this Confirmation Order and, if filed, shall serve a copy on the Debtors or Reorganized Debtor (as applicable) and its undersigned bankruptcy counsel (the "<u>Rejection Claim Bar Date</u>").    As provided in Section 6.05(a) of the Plan, any objection to a Rejection Claim must be filed within five (5) days of the filing of such Rejection

Claim.  Pursuant to Sections 5.08 and 7.03 of the Plan, all Rejection Claims, if allowed, shall be treated in Class 8 Other General Unsecured Claims and Rejection Claims under the Plan.  **ANY CREDITOR WHO FAILS TO FILE A REJECTION CLAIM ON OR BEFORE THE REJECTION CLAIM BAR DATE WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH REJECTION CLAIM AGAINST THE DEBTORS AND THEIR ESTATE, AND THE DEBTORS AND THEIR CHAPTER 11 ESTATE, SUCCESSOR, AND PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM. IN ADDITION, THE HOLDER OF SUCH REJECTION CLAIM SHALL NOT BE PERMITTED TO PARTICIPATE IN ANY DISTRIBUTION IN THE CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

15.    Discharge.  *Except as otherwise expressly provided in the Plan, the Confirmation Order and/or a separate order of the Court, the rights afforded herein and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtors and the Debtors in Possession, the Estates, or any of the assets or properties under the Plan.  Except as otherwise expressly provided in the Plan, the Confirmation Order and/or a separate order of the Court, (i) on the Effective Date, all such Claims against the Debtors, and Equity Interests in the Debtors shall be satisfied, discharged and released in full, and (ii) all Persons shall be precluded and enjoined from asserting against the Reorganized Debtor, its successors, its assets or properties, any other or further Claims or Equity Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date,*

*whether or not such holder has filed a proof of claim or proof of equity interest and whether or not such holder has voted to accept or reject the Plan. Notwithstanding the foregoing, nothing in the Plan shall release, discharge, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtors and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of the Confirmation Order.*

16.    Injunction Related to Discharge.  ***Except as otherwise expressly provided in the Plan, the Confirmation Order and/or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtors, or Equity Interests in the Debtors, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Equity Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtors, on account of any such Claim or Equity Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Equity Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Equity Interest.  Such injunctions shall extend to successors of the Debtors (including, without limitation, the Reorganized Debtor) and their respective properties and interests in property.***

17.    Injunction Against Interference with the Plan.  ***All holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere***

*with the implementation or consummation of the Plan, except with respect to actions any such*

*entity may take in connection with the pursuit of appellate rights.*

18.    <u>Release by Estates of Officers, Managers, and Directors</u>.    *Notwithstanding*

*anything contained in the Plan, other than Section 11.04 which is separate and in addition to*

*Section 8.14, pursuant to section 1123(b) Code, for good and valuable consideration, the*

*adequacy of which is hereby confirmed, on and after the Effective Date, each OMD Released*

*Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever*

*released and discharged by each and all of the Debtors, the Reorganized Debtor, and their*

*respective Estates, in each case on behalf of themselves and their respective successors, assigns,*

*and representatives, and any and all other entities who may purport to assert any claim, Action,*

*Avoidance Action, or cause of action, directly or derivatively, by, through, for, or because of the*

*foregoing entities, from any and all claims, Actions, Avoidance Actions, or causes of action*

*including any derivative claims, asserted or assertible on behalf of any of the Debtors, whether*

*known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter*

*arising, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtor, or*

*their Estates would have been legally entitled to assert in their own right (whether individually*

*or collectively) or on behalf of the holder of any Claim against or Interest in a Debtor or any*

*other Entity, (collectively, the "Debtor Releases"). Notwithstanding anything herein to the*

*contrary other than Section 11.04 of the Plan, the Debtor Releases will not: (i) apply to any pre-*

*Effective Date claims against Debtors' directors and/or officers to the extent insurance coverage*

*exists under any Debtor pre-Effective Date director and/or officer insurance policy for the*

*defense and indemnity of such claim (herein an "Insured Claim"). In the event of an Insured*

*Claim such director's and/or officer's sole liability and responsibility for any judgment arising*

*from such claim shall be strictly limited to the amount actually paid out, if any, by the insurance*

*company under such insurance policy, and any director and/or officer liability and responsibility for any and all other amounts are forever released by Section 8.14 of the Plan; or (ii) release post-Effective Date obligations of any entity under the Plan or any other document, instrument, or agreement executed to implement the Plan (unless expressly cancelled by the Plan); or (iii) affect such releasing parties' rights that remain in effect from and after the Effective Date to enforce the Plan or as otherwise provided in any order of the Bankruptcy Court.*

19.    <u>Exculpation</u>. *Subject to the occurrence of the Effective Date, neither the Debtors, the Reorganized Debtor, nor any parties to the Restructuring Support Agreement assumed by the Debtors pursuant to the Court's authorization thereof, or any of their respective professionals, officers, directors, agents, financial advisors, attorneys, employees, equity holders, partners, affiliates and representatives (the "Exculpated Parties") shall have or incur any liability to any holder of a Claim or Equity Interest for any act or omission in connection with, related to, or arising out of, the cases of the Debtors, the negotiation, execution, or performance of the Restructuring Support Agreement and the transactions contemplated thereby, the negotiation, execution, or performance of the DIP Financing, the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan; provided, however, that the foregoing shall not operate as a waiver or release for (i) any express contractual obligation owing by any such Person, (ii) willful misconduct or gross negligence, and (iii) with respect to professionals, liability arising from claims of professional negligence which shall be governed by the standard of care otherwise applicable to professional negligence claims under applicable non-bankruptcy law, and, in all respects, the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan; provided further that*

*nothing in the Plan shall, or shall be deemed to, release the Exculpated Parties, or exculpate the Exculpated Parties with respect to, their respective obligations or covenants arising pursuant to the Plan; provided further that the foregoing shall not operate as a waiver or release of Claims by governmental entities arising under environmental laws.*

20.    <u>Injunction Relating to Exculpation</u>.  *All holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from the commencement or prosecution by the Debtors, the Reorganized Debtor, and any other Person, whether derivatively or otherwise, of any Action or causes of action exculpated, released, or discharged pursuant to the Plan against the Exculpated Parties.*

21.    <u>Automatic Stay</u>.  Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays provided for in the Case under 11 U.S.C. §§ 105 or 362 or otherwise, and extant on the Confirmation Date, shall remain in full force and effect until the Effective Date.  The Court shall retain exclusive jurisdiction to enforce all injunctions or stays provided for under the Plan and this Confirmation Order.

22.    Except as otherwise provided for in the Plan or the documents, instruments, and agreements entered into by the Reorganized Debtor pursuant to the Plan, all property of the estate vests in the Reorganized Debtor free and clear of all claims and interests.

23.    This Order is in recordable form and shall be accepted by any filing or recording officer or authority of any applicable governmental unit, office, or agency for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

24.    Pursuant to 11 U.S.C. § 1146(a), the issuance, transfer or exchange of notes or equity securities under the Plan, creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any instrument of

transfer under, in furtherance of, or in connection with the Plan, any merger agreements or agreements of consolidation, deeds, bills of sale or assignments, or any other documents executed in connection with any of the transactions contemplated by the Plan, and related loan and security documents, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

25.     On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the directors of the Debtors or the Reorganized Debtor or their successors in interest under the Plan shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date pursuant to the applicable general corporation law, without any requirement of further action by the directors of the Debtors or Reorganized Debtor.

26.     Until the Effective Date, the Debtors shall continue to file the UST Form 11-MOR, Monthly Operating Report and shall timely pay the U.S. Trustee the appropriate sums required pursuant to 28 U.S.C. § 1930(a)(6) (the "Quarterly Fees"). Within two business days of the Effective Date, the Reorganized Debtor and any other authorized parties who have been charged with administering the Plan shall file a Notice of Occurrence of the Effective Date, identifying the Effective Date and indicating that it has occurred. Following the Effective Date, the Reorganized Debtor and any other authorized parties who have been charged with administering the Plan shall file the UST Form 11-PCR, Post confirmation Report, every calendar quarter and shall timely pay the U.S. Trustee Quarterly Fees until the earlier of: (1) the entry of a final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case.

27.     Under 11 U.S.C. §§ 105(a) and 1142, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, and except as otherwise ordered by the Court, the Court shall retain exclusive jurisdiction over all matters arising out of, and related

to, the Case, the Plan, and this Confirmation Order to the fullest extent permitted by law, including, without limitation, to the matters set forth in Article X of the Plan.

28.     The Debtors shall serve a copy of this Order upon all parties entitled to notice thereof pursuant to Bankruptcy Rule 3020(c), and Local Rules 2002-1(C)(11) and 3020-1(D), and shall file a certificate of service with the Court.

###

Submitted by:

Bradley S. Shraiberg, Esq.
Eric S. Pendergraft, Esq.
**SHRAIBERG PAGE P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: ependergraft@slp.law

*Attorney Shraiberg is directed to serve a copy of this Confirmation Order on all parties in interest and shall thereafter file a certificate of service with the Court.*